UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GEORGE TORAN, JR, on behalf of
himself and all others in the State of
Florida similarly situated;

     Plaintiffs,

v.

HYUNDAI MOTOR AMERICA
CORPORATION;

     Defendant.

_____/

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1.    The Plaintiff, George Toran, Jr. (Hereinafter "Plaintiff"), through the undersigned counsel, files this class action complaint and sues Defendant, HYUNDAI MOTOR AMERICA CORPORATION (Hereinafter Hyundai), on his own behalf and on behalf of the class (defined below). Plaintiffs respectfully allege the following.

2.    This is an action arising out of Hyundai's false and deceptive representations made to purchasers and lessees of motor vehicles, including Plaintiffs'. Specifically, Hyundai represented on standardized "Monroney" labels ("window stickers") affixed to vehicles for sale and lease that certain vehicles came equipped with certain safety and crash avoidance systems when those systems in fact were not installed on the vehicles.

3.    Plaintiffs purchased certain Hyundai vehicles. The cars they purchased had affixed to them Monroney stickers representing that the automobiles had advanced safety technology included as standard features on the automobiles. Specifically, the vehicles were supposed to come equipped with active collision avoidance systems that apply the vehicles' brakes under certain

1

circumstances to help avoid a collision. However, instead, the vehicles were only equipped with

passive warning systems to warn that a collision may be imminent but does not actively deploy

the brakes or other systems to help avoid a collision.

4.      Through its false representations, described more fully herein, Hyundai has violated

the Florida Deceptive and Unfair Trade Practice Act ("FDUTPA") and has been unjustly enriched.

5.      Plaintiff and the Class were damaged because the automobiles they purchased or

leased did not contain the advanced safety technology that was represented to be included on the

vehicles, making the automobiles less safe and less valuable than the automobiles would have been

had Hyundai's representations been true, and causing the Plaintiff and the Class to pay a higher

price for the automobiles than they would have paid.

## PARTIES

6.      Plaintiff, George Toran, Jr. is an individual consumer residing in Tampa,

Hillsborough County, Florida. On or about March 12, 2020, Toran purchased a new 2020 Ioniq

from Hyundai of Wesley Chapel — a Florida automobile dealership.

7.      Defendant, HYUNDAI MOTOR AMERICA CORPORATION is a foreign

corporation authorized to do business in the state of Florida and headquartered in Fountain Valley,

California.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(d) and 1453, because

(1) this action is a "class action," which contains class allegations and expressly seeks certification

of a proposed class of individuals; (2) the putative Class consists of at least hundreds of proposed

class members; (3) the citizenship of at least one class member is different from Hyundai's

citizenship; and (4) the aggregate amount in controversy by the claims of Plaintiff and the putative

Class exceeds $75,000,000, exclusive of interest and costs.

9.      This Court also has personal jurisdiction over Hyundai because Hyundai does

business in Florida and the actions that are the subject of this complaint took place in Florida.

10.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Hyundai

is subject to personal jurisdiction in this District and the conduct complained of herein occurred in

this District.

## **FACTUAL ALLEGATIONS**

11.     On or about March 12, 2020, Toran purchased a new 2020 Ioniq from Hyundai of

Wesley Chapel in Wesley Chapel, Florida.

12.     Affixed to Toran's vehicle was a "Monroney label" (window sticker) containing

information about the vehicle. Hyundai was obligated to affix a "Monroney label" that contained

true and correct information to comply with 15 U.S.C. 1232.

13.     Monroney labels present information about vehicles in a standardized form and

using standardized measures to enable consumers to directly compare vehicle features, including

gas mileage, accessories and equipment included, safety features provided, safety ratings and other

information. The Monroney stickers are designed to facilitate comparison shopping.

14.     The Hyundai Monroney stickers contain a section entitled "Standard Features" and

under this title there is a subsection entitled "Advanced Safety Technology" that contains the

following described safety features: 1. Bind-Spot Collision-Avoidance Assist and 2. Rear Cross-

Traffic Collision-Avoidance Assist.

15.     The Monroney label affixed to the vehicle that Toran purchased represented that the Hyundai Ioniq was equipped with 1. Bind-Spot Collision-Avoidance Assist and 2. Rear Cross-Traffic Collision-Avoidance Assist.

16.     However, it was later revealed that the vehicle was not equipped with this advanced safety technology, which is able to activate the brakes in order to avoid collisions and instead the vehicle only has passive systems that may provide warning but takes no action.

17.     Recently, Toran received a form letter from Hyundai stating as follows in pertinent part:

> Hyundai recently discovered your 2020 Ioniq's original window sticker had incorrect information on the availability of certain features available on your vehicle.
>
> Your vehicle is **NOT** equipped with Blind Spot and Rear Cross Traffic Collision Avoidance **Assist** systems; however, these vehicles **ARE** equipped with Blind Spot and Rear Cross Traffic Collision **Warning** systems.

18.     As the letter admits, the vehicle's original Monroney sticker contained incorrect and false information regarding which safety systems the vehicle was equipped with.

19.     Additionally, the letter first attempts to convince the reader that the incorrect information on the window sticker merely involves features "available" on your vehicle but in the next sentence admits that the vehicle is "NOT" equipped with these active collision avoidance systems and instead has only passive warning systems. The letter is confusing because one needs to reference the window sticker to understand that these active collision avoidance systems are represented to be included as a standard feature on the vehicle and not merely "available" as Hyundai maintains in its letter.

## CLASS ACTION ALLEGATIONS

20.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Toran brings this complaint on behalf of himself and all persons within the State of Florida who purchased or leased vehicles from Hyundai that had affixed to them false and deceptive information contained on a Monroney label concerning the important safety technology missing from Hyundai vehicles.

21.     Upon completion of discovery with respect to the scope of the Class, Plaintiff reserve the right to amend the definitions of the Class.

22.     Numerosity: Based upon the size of Hyundai's operations in Florida and the amount of sales in Florida Plaintiffs believe that the class consists of at least of individuals who purchased or leased Hyundai vehicles with incorrect and deceptive Monroney labels.

23.     Commonality: Plaintiffs' claims raise questions of law and fact that are common to each member of the Classes that predominate over any questions affecting any individual members including, inter alia, the following:

a.   Whether Hyundai made false representations to the Class concerning the safety technology included on their vehicles; and

b.  Whether Hyundai violated FDUTPA by making false and deceptive representations concerning safety technology included on their vehicles.

c.  Whether Hyundai was unjustly enriched through its false and deceptive representations concerning safety technology included on their vehicles.

24.     Typicality: The claims of Plaintiffs are typical of the claims of each member of the Classes in that Plaintiffs allege a common course of conduct by Hyundai toward each member of the Class—specifically, Hyundai directed false representations to each member of the Class. Plaintiffs and the other members of the Class seek identical remedies under identical legal

theories. There is no antagonism or material factual variation between Plaintiff's claims and those of the Class.

25.     Adequacy: Plaintiff Toran is a Florida resident who will fairly and adequately protect and represent the interest of each member of the Class. Additionally, Plaintiff is fully cognizant of his responsibilities as class representative and has retained experienced counsel fully capable of, and intent upon, vigorously pursuing this action.

26.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy within the meaning of Rule 23(b) and in consideration of the matters set forth in Rule 23(b)(3)(A)-(D). Because of the amount of the individual Class members' claims relative to the complexity of the litigation and the financial resources of Hyundai, few, if any, members of the Class would seek legal redress individually for the wrongs complained of here. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all members of the Class.

**COUNT I**
**VIOLATIONS OF FLORIDA DECEPTIVE**
**AND UNFAIR TRADE PRACTICE ACT**

27.     Plaintiff Toran incorporates paragraphs 1–26 by reference.

28.     Toran brings this claim against Hyundai on behalf of himself and all others similarly situated in the state of Florida for breach of Florida's Deceptive and Unfair Trade Practices Act.

29.     Hyundai is engaged in commerce in the State of Florida, as defined by §501.203(8), Florida Statutes, and is therefore subject to the provisions contained in §501.201 et seq., Florida Statutes, the Florida Deceptive and Unfair Trade Practices Act (FDUTPA).

30.     Toran and the members of the Class are "consumer(s)" as defined by §501.203(7), Florida Statutes, and as such are entitled to the protection of FDUTPA.

31.     In selling and distributing automobiles in Florida, Hyundai was required to be honest in its dealings and not engage in any actions that had the effect of deceiving purchasers or lessees of automobiles.

32.     By reason of the conduct alleged herein, Hyundai engaged in unfair and deceptive business practices in violation of FDUTPA, Fl. St. §§501.201, et seq. Specifically, Hyundai violated FDUTPA by affixing materially false Monroney stickers to Hyundai automobiles sold and leased in Florida. The Monroney stickers were materially false because they falsely stated that certain automobiles, including the 2020 Hyundai Ionic, came equipped with certain active collision avoidance systems and instead those systems were not installed. Instead, the vehicles were only equipped with a lesser system that is merely passive and only able to warn instead of interact to avoid a collision.

33.     Additionally, pursuant to Section 501.203(3)(c) of FDUTPA, violations of state or federal law, statute, rule, regulation or ordinances which proscribe mandatory requirements regarding consumer matters or proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices, including violations of 15 U.S.C. 1232 constitute *per se* violations of FDUTPA.

34.     Therefore, Hyundai's acts of violating 15 U.S.C. 1232 by providing incorrect and false information on Monroney labels constitute *per se* violations of FDUTPA.

35.     As a result of Hyundai's violations of FDUTPA, Toran and the members of the Class have suffered a substantial injury and have been aggrieved and are, thus, entitled to damages under FDUTPA.

36.    As redress for Hyundai's repeated violations of FDUTPA, Toran and the members of the Class are entitled to, inter alia, damages and declaratory relief.

**WHEREFORE**, Toran respectfully requests the following relief:

a. award Toran and the members of the Class damages pursuant to §501.211(2), Florida Statutes;

b. enter a declaratory judgment to the effect that Hyundai has engaged in unfair, unconscionable, and deceptive business practices, in violation of FDUTPA as set forth in §501.211(1), Florida Statutes; and

c. award Toran his reasonable attorneys' fees and costs incident to the bringing of this action, pursuant to §501.211 Florida Statutes.

## COUNT II
## UNJUST ENRICHMENT

37.    Plaintiffs incorporate paragraphs 1–26 by reference.

38.    Toran brings this claim against Hyundai on behalf of himself and all others similarly situated in the state of Florida for common law unjust enrichment against Hyundai.

39.    Hyundai received and retained wrongful benefits as a result of the purchases and leases made by Plaintiffs and members of the Class and, in so doing, Hyundai has disregarded the rights of Plaintiffs and members of the Class.

40.    By means of Hyundai's wrongful conduct alleged herein, Hyundai made false and deceptive representations to Plaintiff and members of the Class; thus, Hyundai's acceptance and retention of benefits under circumstances that make it inequitable for them to retain such benefits.

41.    Hyundai directly benefited from the conduct alleged herein through profits it earned from the sale and distribution of the automobiles, and Plaintiffs and the members of the Class directly conferred a benefit on Hyundai in the form of their payments for their automobiles.

42.     To the extent any Plaintiffs or members of the Class were required to exhaust remedies against the automobile dealers who sold Hyundai's vehicles prior to bringing a claim for unjust enrichment against Hyundai, any such requirement is satisfied here because Plaintiffs and members of the Class have no claim against dealers who sold Hyundai cars. The representations alleged in this complaint were made solely by Hyundai, and therefore, there exists no claim against automobile dealers to "exhaust." Pursuit of remedies against the automobile dealers would be futile because no such remedies exist.

43.     As a result of Hyundai's wrongful conduct as alleged herein, it has been unjustly enriched at the expense of, and to the detriment of, Plaintiffs and members of the Class.

44.     Hyundai's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

45.     Under the common law doctrine of unjust enrichment, it is inequitable for Hyundai to be permitted to retain the benefits it received, without justification, from its deceptive practices. Hyundai's retention of such funds under circumstances making it inequitable to do so constitutes unjust enrichment. The financial benefits derived by Hyundai rightfully belong to Plaintiff and the members of the Class.

46.     Plaintiff and members of the Class have no adequate remedy at law.

**WHEREFORE,** Plaintiffs respectfully request judgment in favor of the Plaintiff and the Class on account of Hyundai's unjust enrichment and compel Hyundai to disgorge in a common fund for the benefit of Plaintiffs and the members of the Class all wrongful or inequitable proceeds it received. A constructive trust should be imposed upon all wrongful or inequitable sums received by Hyundai traceable to Plaintiffs and the members of the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his own behalf and on behalf of the members of the

Class, respectfully request:

A.      That that the Court certify this action as a class action pursuant to Federal Rule of

Civil Procedure 23 and appoint Toran as representative of the Class.

B.      That this Court enter judgment rescinding the automobile sales at issue or, in the

alternative, awarding actual damages to Plaintiff and the members of the Class;

C.      That this Court award an amount to Plaintiff and the Class that represents the

extent of Hyundai's unjust enrichment described herein;

D.      That the Court declare that the conduct of the Defendant violated FDUTPA.

E.      That the Court award attorneys' fees, expenses, and the costs of this suit, together

with prejudgment and post-judgment interest at the maximum rate allowed by law;

F.      That the Court enter an injunction to prevent Hyundai from making similar

misrepresentations on Monroney labels in the future.

G.      That this Court award such other and further relief as it may deem just and

appropriate.

## JURY TRAIL DEMAND

47.      Plaintiffs Demand Trial by Jury on all Issues so Triable.

> /S/ Aldo Bolliger
> ALDO BOLLIGER
> Fla. Bar No.: 486973
> BOLLIGER LAW GROUP, PLLC
> 505 E. Jackson Street, Suite 204
> Tampa, FL 33602
> PH:   813-425-2824
> FAX: 813-425-2832
> aldo@mblawgroup.com