# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GEORGE TORAN, JR.,

    Plaintiff,

v.                                           CASE NO. 8:20-cv-2669-WFJ-CPT

HYUNDAI MOTOR AMERICA,

    Defendant.

_____/

## **ORDER GRANTING MOTION TO TRANSFER**

This matter came before the court on January 26, 2021 for a hearing on Defendant's motion to dismiss, stay, or transfer this litigation to the United States District Court for the Central District of California, pursuant to the first-filed rule. The Court has received briefing (Docs. 18, 24, and 25) and oral argument from the parties through counsel. The Court orders transfer of this matter to the Central District of California, where the identical litigation was first filed.

***BACKGROUND:*** The cause of action involves the "window sticker" that Defendant placed on several trim levels of its new 2020 Ioniq model cars. Apparently, the sticker described a collision avoidance or assist system, but these trim levels only had a lesser collision warning system. Hyundai admitted this error in a letter it sent to the 2020 Ioniq purchasers who bought

Ioniqs with the misleading sticker. Plaintiff George Toran, a Florida resident who bought a new 2020 Ioniq with this misleading sticker in Florida, brought this lawsuit. He seeks to certify a Florida-based class action against Defendant Hyundai. Defendant Hyundai is headquartered in the Central District of California.

Unfortunately for Plaintiff Toran, a very similar lawsuit, alleging this 2020 Ioniq window sticker misrepresentation, was filed five days prior to Toran's instant lawsuit. This first suit, *Howard Barnett, etc. v. Hyundai Motor America*, Case No. 8:20-cv-2162-DOC-ADS (C.D. Cal.) ("the first suit"), is now pending in Hyundai's district of domicile. The first suit is brought by a Florida resident from a Florida Ioniq sale and, once amended, seeks to certify a nationwide and Florida class. The first suit is nearly identical to Mr. Toran's instant claims.

A recent order to manage this first suit was entered by District Judge David O. Carter and is attached here as an Appendix. Judge Carter renamed the litigation as "*In re Hyundai Ioniq Collision-Avoidance Assist System Litigation,*" and appears amenable to managing this litigation which may include transfers. There is already a mediation before a retired judge scheduled for May 2021, in an attempt to resolve the nationwide class claims. If a nationwide class action (or a damages class given Hyundai's admitted error) could be certified, the Central District of California as domicile of the

2

Defendant would be the most logical choice for venue.

As Hyundai points out, this is an issue of an erroneous window sticker, pure and simple. This is not a car wreck case, or one which would require transport of Mr. Toran's car or lay witnesses to the forum.

*LEGAL ANALYSIS:* Both lawsuits are almost entirely identical. The first-filed rule in the Eleventh Circuit establishes that the instant Toran Complaint should be transferred to the Central District of California. "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Actsoft, Inc. v. Alcohol Monitoring Sys., Inc.*, No. 8:08-cv-628-T-23EAJ, 2008 WL 2266254 at *1 (M.D. Fla. June 3, 2008) ("[T]he federal court in which a controversy is 'first filed' should retain plenary authority to resolve the entire dispute.").

In the Eleventh Circuit, district courts applying the first-filed rule look to: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues. *Bankers Ins. Co. v. DLJ Mortg. Capital, Inc.*, No. 8:10-cv-419-T-27EAJ, 2012 WL 515879, at *3 (M.D. Fla. Jan. 26, 2012) (citation omitted); *Actsoft*, 2008 WL 2266254, at *1. "All that need be present [for the rule to apply] is that the two actions involve closely related questions or common subject matter . . . The cases need not be identical to be

3

duplicative." *Strother v. Hylas Yachts, Inc.*, No. 12-80283-CV, 2012 WL 4531357, at *2 (S.D. Fla. Oct. 1, 2012) (citation omitted). "The primary purpose of the [first to file] rule is to conserve judicial resources and avoid conflicting rulings." *First Equitable Realty, III, Ltd. v. Dickson*, No. 13-20609-CIV, 2013 WL 5539076, at *3 (S.D. Fla. Oct. 8, 2013) (citation omitted).

"When the first-to-file rule is applicable, a district court may elect to stay, transfer, or dismiss a duplicative later-filed action, and in applying the first-to-file rule, judges are afforded 'an ample degree of discretion.'" *Strother*, 2012 WL 4531357, at *1 (citations omitted). A "party objecting to jurisdiction in the first-filed forum [must] carry the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." *Manuel*, 430 F.3d at 1135 (citation omitted). No compelling circumstances have been shown.

The motion to transfer (Doc. 18) is granted. The Clerk shall transfer this matter to the Central District of California and thereafter close this case.

**DONE and ORDERED** at Tampa, Florida on January 26, 2021.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**COPIES FURNISHED TO**:
Counsel of record